UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA            PLAINTIFF

vs.              CRIMINAL ACTION NO.  3:00-CR-48-CRS

FRANKLIN WALES              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of defendant Franklin Wales, *pro se*, for reconsideration of the Court's July 27, 2020 Memorandum Opinion and Order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  DN 167.  The motion is untimely.  Further, the defendant's motion plows no new ground. Rather, he restates reasons for compassionate release which were already considered and addressed by the Court.

Wales' motion for reconsideration is untimely.  A motion for reconsideration of a denial of compassionate release under 18 U.S.C. § 3582(c) must be made no later than fourteen days after the challenged order is entered.  *See United States v. Wooley*, No. 16-3925, 2017 WL 3613318 (6th Cir. Feb. 28, 2017)("A § 3582(c)(2) motion is considered a continuation of the criminal proceedings and, accordingly, the fourteen-day period for filing a notice of appeal applies."); *United States v. Pedraza*, No. 5:15-101-DCR, 2020 WL 4495463 (E.D.Ky. Aug. 4,

2020)(same, citing *Wooley;* reconsideration of denial of compassionate release under § 3582(c)(1)(A)).

The Court entered a Memorandum Opinion and Order denying Wales' motion for compassionate release on July 27, 2020. DN 162. The docket sheet reflects that a copy of the Court's decision was mailed to Wales, but was returned as undeliverable on August 18, 2020. After verifying Wales' address at FCI Elkton, the copy was sent to Wales again on August 21, 2020. On September 8, 2020, Wales filed a "Motion to take Judicial Notice," DN 165, a filing unrelated to his motion for compassionate release. Wales did not file a motion for reconsideration of the denial of compassionate release until over thirty days after the Court denied the "Judicial Notice" motion. The Court denied the "Judicial Notice" motion on September 25, 2020 and Wales filed the motion for reconsideration of the Court's denial of compassionate release on October 26, 2020. DNs 166 and 167, respectively.

The Court cannot fault the defendant for failing to strictly meet the fourteen-day deadline for filing a reconsideration motion, as he did not receive a copy of the Memorandum Opinion and Order in a timely fashion. However, Wales waited three months, despite the fact that a copy was re-mailed to him on August 21$^{st.}$ Wales successfully filed an unrelated motion on September 8th. The motion to reconsider was filed well beyond the applicable time period without excuse, even affording him consideration for the mailing delay. The Court finds Wales' motion untimely.

Wales argued previously for compassionate release due to his fear of contracting COVID-19 at FCI Elkton. The Court thoroughly and carefully articulated the reasons for denial of Wales' motion, noting, in part, that Wales

> expresses his fear that if he contracts COVID-19 he might not survive it. He urges that "COVID-19 is "extraordinary and compelling" because "COVID-19 is

> an unprecedented and rapidly-expanding global health emergency that presents a serious risk to vulnerable prisoners." DN 157, p. 8. This is the sole ground for the assertion of "extraordinary and compelling" circumstances warranting relief. Wales also appears to assert that he is medically vulnerable, although he does not identify any medical conditions which he himself has that, alone or in combination with potential COVID-19 infection, qualifies him for compassionate release. DN 157, p. 14 ("While Defendant is among those with the highest risk of death or serious illness from COVID-19, as a Bureau of Prisons inmate, it is impossible for him to follow the CDC's recommendations to protect himself from exposure to this highly-transmissible disease.").
>
> To the extent Wales contends that his sentence should be reduced to time served because he is medically at high risk for complications should he contract COVID-19, his motion will be denied. He has not been diagnosed with a terminal illness. His medical records indicate only a few minor medical conditions, none of which are identified by the CDC as increasing his susceptibility to severe illness from COVID-19. By all accounts, Wales is a healthy 59-year-old man who has, to date, tested negative for the virus, despite the number of positive cases in the institution. Wales has not shown that he meets the criteria for statutory eligibility for compassionate release, as he is not terminally ill, or suffers from a serious physical or mental condition with a diminished capacity to provide self-care (A)(i)-(A)(iii). *See*, U.S.S.G. § 1B1.3(A). Thus, Wales has failed to articulate an extraordinary and compelling reason for compassionate release on this basis.
>
> Wales is not 65 years old nor has he articulated a family circumstance which would qualify him for consideration for compassionate release under U.S.S.G. §§ 1B1.3(B) or (C).
>
> To the extent he contends that the risk of contracting COVID-19 at FCI Elkton qualifies him for compassionate release based upon the "other reasons" category, the risk of COVID-19 infection does not qualify under the standards for eligibility set forth in the BOP Program Statement 5050.50 which provides guidance concerning the BOP's application of U.S.S.G. § 1B1.3(D).

DN 162, pp. 5-6. For these and other reasons, the Court denied Wales' motion. DN 162.

The motion for reconsideration reiterates Wales' concern that he may contract COVID-19 in prison. He contends that he has been "incarcerated in a nesting field for the COVID-19 virus [FCI Elkton] since Jan 2020 to date." DN 167, p. 1. As of this writing, there are five positive cases among the inmates at FCI Elkton. Further, with continuing vigilance, the BOP has

3

issued revised policies to combat the spread of the virus in its facilities. See https://www.bop.gov/.

Wales' argument that COVID-19 presents extraordinary and compelling reasons for his release is groundless. Additionally, Wales would not otherwise be a candidate for compassionate release in any event, as release is not appropriate, considering the factors set forth in 18 U.S.C. § 3553(a). The Court discussed these factors extensively in the July 24, 2020 opinion. DN 162, pp. 7-9.

Wales urges that his thirty-year sentence, of which he has served twenty years, "was a lengthy sentence," and explains that

> The courts have stated that Mr. Wales had prior violent offenses, but in fact, the record shows Mr. Wales has multiple prior charges involving ("some") degree of violence, including armed robbery, assault, disorderly conduct, and resisting arrest. However, he was not convicted of the most serious charges involving violence. Only one incident involving a gun. At the time of his arrest and conviction on the Federal charges, he was facing state charges of armed robbery. Apparently that case did not go forward in light of his arrest and conviction on the Federal charges.

DN 167, p. 2.

The Court has already considered Wales' arguments concerning the § 3553(a) factors at length and concluded, among other things, that "the nature and circumstances of Wales' crimes weigh against release as he poses a very real danger if released from custody." DN 162, pp. 7-9. The Court also found "no ground to justify any reduction in Wales' sentence, and Wales has articulated none, beyond his opinion that '[u]nder all of the circumstances in this case, the Court should conclude that the time the Defendant has already served is sufficient to satisfy the purpose of sentencing.' DN 157, p. 17." DN 162, p. 8. Wales' current arguments do not further his reasserted arguments for compassionate release.

4

5

Therefore, motion having been made and for the reasons stated herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of defendant Franklin Wales for reconsideration of the Court's denial of compassionate release (DN 167) is **DENIED.**

November 12, 2020

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court

cc: Counsel of Record
 Franklin Wales, *pro se*
 Inmate #07334-033
 FCI Elkton
 P.O. Box 10
 Lisbon, OH  44432